IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ORLANDO M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner, Social Security Administration, <br><br> Defendant. | Case No. 3:18-cv-03326-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Orlando M.[1], proceeding *in forma pauperis*, filed a *pro se* civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security. Before the Court is Defendant's motion to dismiss plaintiff's appeal as untimely (ECF No. 12). Plaintiff did not respond to Defendant's motion, and the time for doing so has passed. The motion is now ripe for determination. For the reasons stated, the motion should be GRANTED, and Plaintiff's appeal should be DISMISSED as untimely.

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

42 U.S.C. § 405(g) provides that an individual may seek judicial review in the district court of the final decision of the Commissioner of Social Security. Section 405(g) is "the exclusive path" for obtaining such review. *D&G Holdings, L.L.C. v. Azar*, 776 F. App'x 845, 847 (5th Cir. 2019) (per curiam); *see also Mack v. Comm'r Soc. Sec.*, 2009 WL 812147, at *2 (N.D. Tex. Mar. 26, 2009). To appeal a decision under § 405(g), the individual must commence a civil action in the district court of the United States for the judicial district where the individual resides within 60 days after receiving notice of the Commissioner's final decision. 42 U.S.C. § 405(g). The Commissioner's decision is final when the Appeals Council either denies review of or enters a decision regarding the ALJ's hearing decision. *See* 20. C.F.R. § 422.210(c). Unless the plaintiff makes a reasonable showing to the contrary, the presumed date of receipt of notice of the Commissioner's final decision is five days after the date reflected on the notice of the Appeals Council's action. *Id.* A suit under § 405(g) is properly dismissed as time-barred when the plaintiff fails to bring it within this 60-day limitations period. *See, e.g.*, *Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991); *McCall v. Bowen*, 832 F.2d 862, 865 (5th Cir. 1987); *Perot v. United States Dep't Health & Human Servs.*, 304 F. App'x 245, 246 (5th Cir. 2008) (per curiam).

Here, Plaintiff's complaint is untimely and should be dismissed with prejudice. Defendant has provided in support of its motion a copy of the notice of the Appeals Council's action, the Commissioner's final adverse decision. It is dated October 3, 2018. Def.'s App. 19 (ECF No. 12-1).  Thus, to obtain judicial review of

2

the Commissioner's decision, Plaintiff was required to bring his action in this Court by December 7, 2018. Plaintiff's complaint was filed on December 18, 2018. Compl. 1 (ECF No. 3). As such, it was not timely and should be dismissed. *Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (suit filed one day late is properly dismissed); *Thibodeaux es rel. Thibodaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curium) (complaint filed two days late is time barred).

Plaintiff has not made—to the Appeals Council or otherwise—a reasonable showing that he did not receive notice of the Commissioner's final decision on October 8, 2019, the presumed date of receipt. Likewise, he has not demonstrated any reason that the limitations period should be equitably tolled in this case. Because Plaintiff's complaint is untimely, Defendant's motion to dismiss should be GRANTED, and Plaintiff's claim should be DISMISSED with prejudice.

Signed December 13, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).